WOODS *et al. v.* WOODS *et al.*

A conveyance to a trustee by a husband forever in fee simple for the use of his wife and her children by him, born and to be born, with a condition in the *habendum* that if he should survive her the whole property should revert to him free from the trust, conveyed to the trustee a fee defeasible upon the contingency specified; and on the happening of that contingency, the title revested in the husband, and thenceforth the property was his absolutely.

July 13, 1891.                    *Judgment affirmed.*

Estates.    Title.    Trusts.    Before Judge BOYNTON. Henry superior court.    October term, 1890.

The petition alleged that the plaintiffs were the children and heirs of William Woods and his wife Martha C.; that before the marriage of their parents, their father, William, had no property, and all the property they had was brought into the coverture by Martha C.; that on September 2, 1847, William made to one Harvey as trustee the deed hereafter set out, conveying all the property he then owned, consisting of houses and lots, notes, etc.; that the trustee managed the property as required by the deed until he was relieved of the trust, and William himself was appointed trustee in 1854;

that he disposed of the property and invested the trust funds in certain described other property owned and controlled by him at the time of his death in March, 1889; that Martha C. died in 1861, and William married again, having by his second marriage three children now living and of age; and that he was caused to make a will by which he gave to his second wife and the children by her all of the property save 100 acres. The prayer was for the recovery of four fifths of the property or its proceeds, etc. Attached were copies of the deed, the decree changing the trustee, and the will. The deed conveyed to Harvey

"For the use, benefit and advantage in trust for said Martha C. Woods, the child she now has and such other child or children as she may hereafter have by the said William Woods, free from the control or disposition of the said William Woods or any future husband which the said Martha C. may have, except as hereinafter provided . . . to have and to hold . . in trust for said Martha C. Woods and her child now living and such child or children as may be born during her coverture with the said William Woods, forever in fee simple, free from the debts, liabilities and control of the said William Woods; and the said William Woods doth hereby authorize the said Harmon H. Harvey, as trustee as aforesaid, to rent said houses and lots . . and the proceeds arising from the rents, issues and profits of said property to be under the control, management and direction of said Harmon H. Harvey in trust as aforesaid, and to collect said promissory notes and invest the proceeds thereof in real or personal estate or both, as said trustee by and with the consent and approbation of said Martha C. Woods may be deemed advisable for the interest, support and maintenance of said Martha C. and her children; and said Harmon H. Harvey is further authorized, as such trustee as aforesaid, to sell and convey all or any of said houses and lots, land and premises, at private sale or otherwise as he may deem most advantageous to said Martha C. Woods and her children (she consenting thereto), and to invest the proceeds of such sale in other lands or other property and

a sufficiency of the proceeds, rents, interest or other income of said property, not taking or using any part of the principal for the support and maintenance of said Martha C. Woods and her child or children and for the education of such child or children as the case may be, and all sums over and above an amount sufficient for said support of said Martha C. and her children as aforesaid arising from the income of said property annually to be paid to said William Woods. Provided nevertheless that in the event said Martha C. Woods should die leaving the said William Woods surviving her, then in that event all of said property herein and hereby conveyed in trust as aforesaid to revert back to the said William Woods in as full and ample a manner as if said trust had not been executed; and it is also provided that should the means reserved by said William Woods be insufficient to pay and satisfy his debts, obligations and contracts heretofore made, that said trustee shall apply a sufficient amount out of the funds he may have in hand for that purpose."

On demurrer the case was dismissed, and the plaintiffs excepted.

BRYAN & DICKEN, for plaintiffs.

JOHN L. TYE and E. J. REAGAN, for defendants.